In re Carlos GANUZA, Margie
Irene Ganuza, Debtor,

General Electric Medical
Systems, Plaintiff,

v.

Carlos Ganuza and Margie Irene
Ganuza, Defendants.

Bankruptcy No. 03–5390–8P7.
Adversary No. 03–358.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 22, 2005.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtor and Defendants.

Joel S. Magolnick, Moscowitz Moscowitz & Magolnick PA, Miami, FL, for Trustee and Plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case is a two-count Complaint file by General Electric Medical Systems (GEMS) against Carlos Ganuza and Margie Irene Ganuza (Debtors). In Count I of its Complaint, GEMS contends that the Debtors are not entitled to the overall protection of the general bankruptcy discharge pursuant to 11 U.S.C. 727(a)(2)(A) because the Debtors transferred property with the intent to hinder or delay their creditor within one year of the commencement of their Chapter 7 case. In Count II, GEMS contends that the Debtors are not entitled to discharge pursuant to 11 U.S.C. 727(a)(4)(A) because they did willfully and knowingly commit false oath in connection with their Chapter 7 case. This Court heard argument of counsel for both parties at the duly scheduled final evidentiary hearing, and has reviewed the record and post-trial briefs and the following pertinent facts were revealed.

In 1999, GEMS sued the Debtors as well as their Salvadoran Company, Centro de Imagenes Resonancia y Magnetica, S.A. (CIRMA) in the United States District Court for the Southern District of Florida. The District Court action arose out of a breach of a promissory note and personal guaranty relating to medical equipment that was sold to CIRMA. On or about September 7, 2001, a Final Judgment was entered in favor of GEMS and against the Debtors and CIRMA. On December 14, 2001, an Amended Final Judgment was entered which, including prejudgment interest, was in an amount in excess of $2 million.

Prior to the commencement of the District Court action, the Debtors owned a residential property and a commercial property in San Salvador, El Salvador. According to the Debtors, on or about September 6, 2001, the Debtors transferred their entire interest in the residential property to Javier Mitjavila (Javier), the Debtors' nephew. They also transferred their entire interest in the commercial property to Consuelo Mitjavila (Consuelo), Javier's mother, along with the underlying mortgage on the building. These transfers were properly filed and recorded in El Salvador (Def. Exh. 1 and 2).

On March 18, 2003, the Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. On June 17, 2003, GEMS filed their Complaint commencing this adversary proceeding. As noted earlier, GEMS seeks a denial of the Debtors' discharge pursuant to Sections 727(a)(2)(A) and 727(a)(4)(A) of the Bankruptcy Code.

Before considering the validity of these claims, seriatim, it should be pointed out that, pursuant to F.R.B.P. 4005, the burden of proof in a contested discharge proceeding is clearly on the party who is challenging the discharge. The standard required to meet the burden is no longer clear and convincing, but a mere preponderance of the evidence will suffice. *See In re Grogan v. Garner*, 498 U.S. 279, 111

S.Ct. 654, 112 L.Ed.2d 755 (1991); *Marine Midland Bank, N.A. v. Mollon,* 160 B.R. 860, 864 (M.D.Fla.1993). Thus, if the evidence is in equal balance on any elements of these claims, the plaintiff loses because the plaintiff failed to prove an essential element of a claim with the requisite degree.

■ Considering first the claim of a fraudulent transfer under Section 727(a)(2)(A) of the Bankruptcy Code, there is no question that before discharge can be denied the plaintiff must establish the requisite degree of proof on the following: (1) a transfer took place; (2) the property transferred was property of the estate; (3) the transfer was made with the intent to hinder delay or defraud a creditor; and (4) the transfer was made within one year of commencement of the bankruptcy case. *See In re Ingersoll,* 106 B.R. 287, 292 (Bankr.M.D.Fla.1989).

■ In the present instance, it is without dispute that the Debtors did transfer their interest in the commercial property and the residence located in El Salvador. While there is some dispute concerning the date of the transfer and whether there was consideration paid, this Court is satisfied that the properties were transferred while the Debtors were involved in litigation with GEMS. This Court is also satisfied that the Debtors transferred the property with the purpose of removing these properties from the reach of GEMS. The difficulty, however, is that regardless of the precise date of transfer, it is certain that the transfers occurred outside of the statutorily required one year before commencement of the Chapter 7 case. Therefore, no viable claim can be sustained under Section 727(a)(2)(A).

To overcome the time bar, GEMS contends that the transfer was, in fact, a sham transfer and, notwithstanding that the title might have been formally transferred to Javier and Consuelo, the Debtors retained all control over the properties inside the year prior to the filing for bankruptcy.

■ In support of this proposition, GEMS points to the Debtors' E-mail on February 13, 2002 in which they made an offer to settle the claim of GEMS. As part of the settlement, in addition to cash, the Debtors also offered to GEMS equity in their commercial property and residence in El Salvador. Offers of settlement ordinarily are not admissible in evidence. However, when such evidence is offered to show intent and does not relate to admission of liability, it is appropriate to consider the same. *Agan v. Katzman & Korr, P.A.,* 328 F.Supp.2d 1363 (S.D.Fla.2004).

■ In the present instance, while this Court will consider the E-mail, it is satisfied that this E-mail is insufficient to tip the balance of the scale in favor of GEMS for the following reasons: (1) there is no evidence in this record whatsoever that the Debtors exercised any dominant control over the property; (2) the fact that they stayed in the residence while visiting is not sufficient to establish an interest; and (3) most importantly, it is without dispute that Javier sold the residence in early 2002 and there is no evidence in the record to indicate that the Debtors received any part of the proceeds of that sale.

In sum, this Court is satisfied that the Debtors transferred their interest in the commercial property and the residence outside the one year period prior to bankruptcy and no longer had any cognizable interest in these properties within one year preceding the Chapter 7 case.

This being the case, the Plaintiffs have failed to establish essential elements of this claim. Therefore, the Debtors are entitled to judgment on Count I against

GEMS dismissing this claim with prejudice.

■ This leaves for consideration the claim in Count II, false oath in bankruptcy. GEMS contends that the Debtors maintained an interest in the El Salvador properties inside of one year prior to commencement of their Chapter 7 case and the Debtors' failure to disclose this interest and the transfer of the properties on their schedules and Statement of Financial Affairs constitutes a false oath under 11 U.S.C. 727(a)(4)(A). To establish a claim for false oath, GEMS must prove that: (1) the Debtors made a statement under oath; (2) the statement was false; (3) the Debtors knew the statement was false; (4) the Debtors made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *In re Perry*, 252 B.R. 541 (Bankr.M.D.Fla.2000).

■ The Statement of Financial Affairs (SOFA) in Section 10 asks the Debtors to disclose any transfers of property outside of the ordinary course of business that occurred within one year of the commencement of the case. Since this Court has already found that the Debtors had no cognizable interest in the El Salvador properties within one year of bankruptcy to support a claim of a fraudulent transfer, the Debtors could not have had any an interest in the properties about which they could have committed a false oath in Section 10 by failing to disclose the transfer.

■ In Section 15 of the SOFA, the Debtors were required to list any property in which they had lived within two years prior to commencement of the Chapter 7 case. The Debtors argue that they considered their residence during the relevant period to be the house in Florida and,

therefore, their failure to list the El Salvador properties in Section 15 of the SOFA is not sufficient to establish that they committed a false oath.

The record shows that the Debtors still owned the El Salvador properties until September of 2001, or approximately 19 months prior to commencing their Chapter 7 case. Further, the Debtors do not contest that they did stay in the El Salvador residence for short periods of time while visiting El Salvador within two years of commencement of their bankruptcy case. Depo. p. 8.[1]

■ However, these facts alone do not establish that the Debtors treated the El Salvador residence as a place to live for any indefinite period of time. While it is true that "it is not for the debtor to decide what is and is not relevant" it is also true that, in some instances, information being omitted from schedules by mistake does not necessarily constitute a false oath. *See In re Vina*, 283 B.R. 803, 807 (Bankr. M.D.Fla.2002).

■ To find a false oath, courts should look for a pattern of omissions that appear to show fraudulent intent. *Id.* Moreover, courts have said that when considering the denial of a Debtor's discharge, the Bankruptcy Code should be "construed liberally in favor of the Debtor." *In re Walter*, 265 B.R. 753, 758 (Bankr.N.D.Ohio 2001), *see also American Bank v. Ireland (In re Ireland )*, 49 B.R. 269, 271 (Bankr. W.D.Mo.1985); *Peoples State Bank v. Drenckhahn (In re Drenckhahn )*, 77 B.R. 697, 705 (Bankr.D.Minn.1987).

This record does not establish fraudulent intent. Merely occupying the property for a short period of time is not enough

---

1. Refers to the Deposition of Carlos Ganuza, *General Electric Medical Systems v. Carlos Ganuza and Margie Irene Ganuza.* Adv. Pro. No. 8:03–ap–00358–TEB, United States Bankruptcy Court for the Middle District of Florida Tampa Division, July 9, 2004.

to establish that property as a residence for the purposes of their schedules in bankruptcy. Therefore, this Court is satisfied that the Debtors did not commit a false oath by failing to list this property in Section 15 of their Statement of Financial Affairs and the Debtors are entitled to Judgment against GEMS in Count II and the claim of false oath should be dismissed with prejudice.

A separate final judgment shall be entered in accordance with the forgoing.